DECISION
{¶ 1} Relator, William J. Lane, commenced this original action requesting a writ of mandamus ordering respondent Industrial Commission of Ohio to vacate the order of its staff hearing officer that adjudicates relator's application for an increase in his permanent *Page 2 
partial disability and to enter an order that adjudicates the application upon consideration of a report from Dr. Lundeen that was submitted after the hearing before the district hearing officer.
 {¶ 2} Pursuant to Civ. R. 53 and Section (M), Loc. R. 12 of the Tenth Appellate District, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) In his decision, the magistrate concluded this court's opinion in State ex rel. Grimm v. Indus. Comm., Franklin App. No. 07AP-761, 2008-Ohio-1800, resolves this action. Because Grimm found to be without merit the same challenge to Ohio Adm. Code 4121-3-15(E)(3) that relator posits here, the magistrate determined the requested writ should be denied.
 {¶ 3} Relator filed an objection to the magistrate's conclusions of law:
 The Magistrate erred as a matter of law by relying on this Court's decision in Grimm and reading words into the plain language of R.C. 4123.57(A) in a manner contrary to the rules of statutory construction and the mandate of liberal construction of workers' compensation statutes in favor of claimants pursuant to R.C. 4123.95.
 {¶ 4} Relator's objection largely reargues matters adequately addressed in the magistrate's decision. While relator characterizes our decision in Grimm as dicta, Grimm necessarily decided the precise issue on strikingly similar facts. In it, this court concluded the Industrial Commission's interpretation of Ohio Adm. Code 4121-3-15(E)(3) is reasonable and does not conflict with R.C. 4123.57 in limiting the submission of evidence after the decision of the district hearing officer in connection with an application for an increase in permanent partial disability compensation. Accordingly, this court determined inGrimm that the staff hearing officer did not abuse its discretion in refusing to consider *Page 3 
such evidence submitted after the district hearing officer's decision on the claimant's application for an increased percentage of permanent partial disability. For the reasons set forth in Grimm, relator's objection is overruled.
 {¶ 5} Following independent review pursuant to Civ. R. 53, we find the magistrate has properly determined the pertinent facts and applied the salient law to them. Accordingly, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained in it. In accordance with the magistrate's decision, we deny the requested writ of mandamus.
Objection overruled; writ denied.
 BROWN and SADLER, JJ., concur *Page 4 
 APPENDIX A MAGISTRATE'S DECISION Rendered May 21, 2008 IN MANDAMUS {¶ 6} In this original action, relator, William J. Lane, requests a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate the order of its staff hearing officer ("SHO") that adjudicates relator's application for an increase in his *Page 5 
permanent partial disability ("PPD") and to enter an order that adjudicates the application upon consideration of a report from Dr. Lundeen that was submitted after the hearing before the district hearing officer ("DHO").
Findings of Fact: {¶ 7} 1. On March 8, 2003, relator sustained an industrial injury while employed with respondent AT T Teleholdings, Inc. ("employer"), a self-insured employer under Ohio's workers' compensation laws. The industrial claim (No. 03-818803) was initially allowed for "sprain lumbar region; sprain right shoulder/arm; thoracic sprain and cervical sprain."
 {¶ 8} 2. In February 2006, an SHO awarded relator 12 percent PPD.
 {¶ 9} 3. In December 2006, an SHO additionally allowed the claim for "aggravation of degenerative disc disease C6-7; aggravation of spondylosis C6-7."
 {¶ 10} 4. In March 2007, relator filed an application for an increase in his PPD.
 {¶ 11} 5. In May 2007, at the request of the Ohio Bureau of Workers' Compensation ("bureau"), relator was examined by James H. Rutherford, M.D., who opined in his report that relator has a "14% permanent partial impairment of the whole person related to all the claim allowances."
 {¶ 12} 6. In a June 2007 tentative order, the bureau found 14 percent PPD which is an increase of two percent.
 {¶ 13} 7. The employer objected to the bureau's tentative order.
 {¶ 14} 8. On August 1, 2007, at the employer's request, relator was examined by Jose Luis Chavez, M.D. In his report, Dr. Chavez opined that relator has five percent *Page 6 
whole person impairment related to the conditions additionally allowed in December 2006.
 {¶ 15} 9. Following an August 8, 2007 hearing, a DHO issued an order finding 14 percent PPD which is an increase of two percent. The order states it is based upon the reports of Drs. Rutherford and Chavez.
 {¶ 16} 10. Relator requested reconsideration of the DHO's order of August 8, 2007.
 {¶ 17} 11. Also on August 8, 2007, at relator's own request, he was examined by James E. Lundeen, Sr., M.D. In his report dated August 19, 2007, Dr. Lundeen opined "the permanent partial impairment for this claim, in terms of percentage of the whole person is * * * 45."
 {¶ 18} 12. Following a September 12, 2007 reconsideration hearing, an SHO issued an order finding 14 percent PPD which is an increase of two percent. The SHO's order of September 12, 2007 explains: "This order is based upon the report of Dr. Chavez 08/01/2007, Rutherford 05/25/2007. The report of Dr. Lundeen was not considered."
 {¶ 19} 13. On September 19, 2007, relator, William J. Lane, filed this mandamus action.
Conclusions of Law: {¶ 20} It is the magistrate's decision that this court deny relator's request for a writ of mandamus, as more fully explained below.
 {¶ 21} Ohio Adm. Code 4121-3-15(E)(3), a rule promulgated by the commission to supplement R.C. 4123.57, states: *Page 7 
 (3) An application for reconsideration, review, or modification which is filed within ten days of receipt of the decision of a district hearing officer issued under section 4123.57(A) of the Revised Code shall be heard by a staff hearing officer and the decision of the staff hearing officer shall be final. At a hearing on reconsideration of a decision of a district hearing officer on the initial application for the determination of the percentage of permanent partial disability, the staff hearing officer may consider evidence that was not on file at the time of the district hearing officer hearing.
 {¶ 22} Relator alleges that the commission relied upon the above-quoted rule when it stated in its SHO's order of September 12, 2007 that the report of Dr. Lundeen was not considered. The commission agrees that it relied upon the above-quoted rule in refusing to consider the report of the Dr. Lundeen.
 {¶ 23} In other words, the commission interprets the above-quoted rule as prohibiting SHO consideration of evidence that was not on file at the time of the DHO hearing on all applications for an increase in PPD. Because the instant matter involves an application for an increase in PPD, rather than the initial application, the commission applied the above-quoted rule to prohibit SHO consideration of Dr. Lundeen's report which was filed after the DHO hearing.
 {¶ 24} Here, relator contends that the above-quoted rule is inconsistent with R.C. 4123.57(A) and Ohio Adm. Code 4123-3-15(C)(7), a rule promulgated by the bureau to supplement R.C. 4123.57. On that basis, relator invites this court to declare invalid the above-quoted rule and to issue a writ of mandamus ordering the commission to readjudicate his application upon consideration of Dr. Lundeen's report.
 {¶ 25} This court recently decided a similar challenge to the validity of Ohio Adm. Code 4121-3-15(E)(3) in State ex rel. Grimm v. Indus.Comm., Franklin App. *Page 8 
No. 07AP-761, 2008-Ohio-1800. In Grimm, this court agreed with the magistrate's analysis of R.C. 4123.57 and the related administrative code provisions.
 {¶ 26} Based on Grimm, this magistrate concludes that relator's challenge to the validity of Ohio Adm. Code 4121-3-15(E)(3) lacks merit.
 {¶ 27} Accordingly, for all the above reasons, it is the magistrate's decision that this court deny relator's request for a writ of mandamus. *Page 1